UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| NATHAN RAY, | Case No. 1:17-cv-00025-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| RANDY BLADES; GRANT ROBERTS; CPL. YBANEZ; NURSE MIKE; and NURSE REED, | |
| Defendants. | |

## I. INTRODUCTION

Pro se Plaintiff Nathan Ray petitions the Court for appointment of counsel. Dkt. 29. Defendants[1] oppose the Motion. For the reasons set forth below, the Court will DENY the Motion at this time.

## II. BACKGROUND

As part of his Complaint (Dkt. 5), Ray—an incarcerated plaintiff—requested that the Court appoint counsel to represent him in this case. In Magistrate Judge Ronald Bush's Initial Review Order (Dkt. 11), the Court noted that unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981),

---

[1] The Court has only received an objection to the Motion from Defendants Randy Blades and William Ybanez. Additionally, Ray never filed a reply to his Motion and the time to do so has passed.

and whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court also reminded Ray that:

> a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

Dkt. 11, at 11. It appears that Ray did not try (or was unsuccessful if he did) to retain counsel on his own. Nevertheless, he petitions the Court a second time to appoint counsel on his behalf.

### III. DISCUSSION

As set forth in its Initial Review Order, the Court will only appoint counsel in "exceptional circumstances." Dkt. 11, at 10. The determination of whether "exceptional circumstances" exist requires the evaluation of two factors: "(1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved." *Id.* (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

In its Initial Review Order, the Court allowed Ray to proceed on a single cause of action: an Eighth Amendment medical treatment claim against Defendants. *Id.* at 9. In his Complaint, Ray alleges that he injured himself while incarcerated and that Defendants

knew he was injured but failed to provide him with adequate medical treatment. As a result of these untreated injuries, Ray asserts that he now suffers from certain debilitating conditions. This claim is not overly complex and Ray was able to demonstrate—at least at this early stage of the case—that there was a likelihood of success on his claim, thus allowing it to proceed beyond the Initial Review stage. These factors weigh against appointment of Counsel.

More importantly, however, Ray has not pointed to any *new* exceptional circumstances requiring the Court to change its former position. Rather, Ray only states generally that:

> Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has limited access to law library and limited knowledge of the law. Plaintiff is in closed custody which all law library request are done on Kite's which take a week to answer.
> A trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross examine witnesses.

Dkt. 29, at 1. There is no doubt that Ray, like any other pro se litigant, would benefit from the assistance of counsel. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997). But Ray must point to exceptional circumstances warranting appointment. Ray has not made this showing.

Ray's argument that he has limited knowledge of the law and that this case will involve research and investigation is not based on the complexity of the legal issues involved, but rather on the general difficulty of litigating pro se. *See Wilborn*, 789 F.2d at 1331 (noting that, "[i]f all that was required to establish successfully the complexity of

the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues"). These concerns do not rise to the level of exceptional circumstances.

Furthermore, Ray's assertions regarding presenting evidence and cross-examining witnesses at trial is not an exceptional circumstance warranting appointment of counsel at this time, as this case is in the discovery phase and has not yet survived summary judgment. *See, e.g.*, *Miller v. LaMontagne,* No. 10-CV-702-WQH BGS, 2012 WL 1666735, at *2 (S.D. Cal. May 11, 2012).

In short, Ray has failed to present any new information, particularly any exceptional circumstances, that would necessitate the appointment of counsel at this stage in the case. The Court must therefore DENY the Motion. As previously noted in the Court's Initial Review Order (Dkt. 11, at 11), if it seems appropriate at a later date, the Court may reconsider appointing counsel.

## IV. ORDER

1. For the reasons outlined above, Ray's Motion to Appoint Counsel (Dkt. 29) is DENIED WITHOUT PREJUDICE.

DATED: May 15, 2018

_____
David C. Nye
U.S. District Court Judge