UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| NATHAN RAY, | Case No. 1:17-cv-00025-DCN |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RANDY BLADES; GRANT ROBERTS; CPL. YBANEZ; NURSE MIKE; and NURSE REED, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Defendant Grant Roberts' Motion for Summary Judgment (Dkt. 31) as well as Defendants Randy Blades and William Ybanez's Motion for Summary Judgment (Dkt. 32). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT both Motions.

## II. BACKGROUND

Nathan Ray is an inmate incarcerated by the Idaho Department of Corrections. On January 17, 2017, Ray filed the instant pro se Prisoner Complaint alleging various violations of 42 U.S.C. § 1983. Dkt. 5. In his Complaint Ray alleges that on June 16,

2016, he was exercising with a lat cable pulldown machine at the Idaho State Corrections Center when the cable broke and the bar struck him on the top of the "head and neck area." Dkt. 5, at 8. Ray asserts that certain defendants failed to maintain the equipment, and other defendants failed to provide him with adequate medical care following his accident.

On July 24, 2017, this Court issued an Initial Review Order permitting Ray to proceed against Defendants Warden Randy Blades, Grant Roberts, Corporal Ybanez, "Nurse Reed," and "Nurse Mike" on claims under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need. Dkt. 11.

Those Defendants who had been served and made appearances in this case moved for summary judgment in May of 2018.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, this Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, this Court must enter summary judgment if a party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. DISCUSSION

In this case, the Court never reaches the merits of Defendants' collective arguments in favor of summary judgment as procedural grounds exists for granting the Motion.

Defendants filed their respective motions on May 8 and 9, 2018. On May 17, 2018, the Clerk of the Court sent Ray its standard Notice to pro se litigants outlining what the Court required Ray to do. The Notice explained what a motion for summary judgment is, and how and when Ray needed to respond to the motions. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

Dkt. 34, at 2 (emphasis in original). To date, Ray has not filed anything with the Court.

Idaho District Local Rule 7.1 outlines that:

> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed,

such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice to Ray, as well as Local Rule 7.1, Ray's failure to timely respond to Defendants' Motions for Summary Judgment is deemed acquiescence to the facts alleged in their motions, and the Court must grant judgment in Defendants' favor.

Finally, there is no indication that Ray effected service of process upon the remaining two named defendants in this case ("Nurse Mike" and "Nurse Reed") and the time to do so has long expired. Accordingly, the Court dismisses these defendants.

**[remainder of this page intentionally left blank]**

# V. ORDER

1. For the reasons outlined above, Defendant Grant Roberts' Motion for Summary Judgment (Dkt. 31) is GRANTED.

2. Defendants Randy Blades and William Ybanez's Motion for Summary Judgment (Dkt. 32) is also GRANTED.

3. Defendants "Nurse Mike" and "Nurse Reed" are dismissed.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: October 30, 2018

_____
David C. Nye
U.S. District Court Judge